UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE:

COLLEEN CASTELLON,

    Plaintiff,

v.

PIEMONTE CORPORATION and PET SUPERMARKET, INC.,

    Defendant.
_____/

## COMPLAINT

Plaintiff, COLLEEN CASTELLON, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues PIEMONTE CORPORATION and PET SUPERMARKET, INC. (hereinafter "Defendants"), and as grounds alleges:

JURISDICTION, PARTIES, AND VENUE

1. This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

4. Plaintiff, COLLEEN CASTELLON, is an individual over eighteen (18) years of age, with a residence in Miami-Dade County, Florida, and is otherwise *sui juris*.

5. At all times material, Defendant, PIEMONTE CORPORATION, owned and operated a commercial shopping center at 12576 SW 8th Street, Miami, Florida 33184[1] (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida. PIEMONTE CORPORATION holds itself out to the public as "Lord's Plaza."

6. At all times material, Defendant, PIEMONTE CORPORATION, was a Florida Profit Corporation, incorporated under the laws of the State of Florida, with its headquarters located in Miami, Florida.

7. At all times material, Defendant, PET SUPERMARKET, INC., owned and operated a retail pet supermarket at 12576 SW 8th Street, Miami, Florida 33184 (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida. PET SUPERMARKET, INC., holds itself out to the public as "Pet's Supermarket."

8. At all times material, Defendant, PET SUPERMARKET, INC., was a Florida Profit Corporation, incorporated under the laws of the State of Florida, with its headquarters located in Sunrise, Florida.

9. Venue is properly located in the Southern District of Florida because Defendants' Commercial Property is located in Miami-Dade County, Florida, Defendants regularly conduct business within Miami-Dade County, Florida, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Miami-Dade County, Florida.

FACTUAL ALLEGATIONS

10. Although over twenty-nine (29) years have passed since the effective date of Title

---

[1] The Miami-Dade County Tax Appraiser lists the shopping center address as 12500 SW 8th Street, Miami, Florida, 33184, which actually includes the actual store whose address is listed above.

III of the ADA, Defendants have yet to make its facilities accessible to individuals with disabilities.

11. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants continue to discriminate against people who are disabled in ways that block them from access and use of Defendants' businesses and property.

12. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

13. Plaintiff, COLLEEN CASTELLON, is an individual with disabilities as defined by and pursuant to the ADA. COLLEEN CASTELLON uses a wheelchair to ambulate. COLLEEN CASTELLON has a great deal of trouble walking or otherwise ambulating without the use of a wheelchair. She is limited in her major life activities by such, including but not limited to walking and standing.

14. Defendant, PIEMONTE CORPORATION, owns, operates, and oversees the Commercial Property, its general parking lot and parking spots.

15. Defendant, PIEMONTE CORPORATION, owns and operates a commercial shopping center on the Commercial Property located at 12576 SW 8th Street, Miami, Florida 33184, that is a place of public accommodation and operates, controls, and maintains the interior of the business and Commercial Property.

16. The subject Commercial Property is open to the public and is located in Miami, Florida.

17. The individual Plaintiff visits the Commercial Property and the business located within the Commercial Property, regularly, to include a visit to the Commercial Property and the

business located within the Commercial Property on or about March 2, 2021 encountering multiple violations of the ADA that directly affected her ability to use and enjoy the Commercial Property and businesses located therein.  She often visits the Commercial Property and the business located within the Commercial Property in order to avail herself of the goods and services offered there, and because it is approximately six (6) miles from her residence. She plans to return to the Commercial Property and the business located within the Commercial Property within two (2) months from the date of the filing of this Complaint. More specifically Plaintiff intends to revisit on May 1, 2021.

18. Plaintiff resides nearby in a the same County and the same state as the Commercial Property and the business located within the Commercial Property, has regularly frequented the Defendants' Commercial Property and the business located within the Commercial Property for the intended purposes because of the proximity to her home and other businesses that she frequents as a patron, and intends to return to the Commercial Property and businesses located within the Commercial Property within two (2) months from the filing of this Complaint. More specifically Plaintiff intends to revisit on May 1, 2021.

19. The Plaintiff found the Commercial Property, and the business located within the Commercial Property to be rife with ADA violations.  The Plaintiff encountered architectural barriers at the Commercial Property, and business located within the Commercial Property and wishes to continue her patronage and use of the commercial premise and business located therein.

20. The Plaintiff has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property, and the business located within the Commercial Property. The barriers to access at Defendant's Commercial Property, and the business located within the Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial

Property, and businesses located within the Commercial Property, and have endangered her safety in violation of the ADA. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, COLLEEN CASTELLON, and others similarly situated.

21. Defendant, PIEMONTE CORPORATION, owns and operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendant, PIEMONTE CORPORATION, is responsible for complying with the obligations of the ADA. The place of public accommodation that Defendant, PIEMONTE CORPORATION, owns and operates the Commercial Property Business located at 12576 SW 8th Street, Miami, Florida 33184.

22. Plaintiff, COLLEEN CASTELLON, has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the described Commercial Property and the business located within the Commercial Property, including but not necessarily limited to the allegations in this Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination at the Commercial Property, and the business located within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and businesses located therein, not only to avail herself of the goods and services available at the Commercial Property, and the business located within the Commercial Property, but to assure herself that the Commercial Property and the business located within the Commercial Property are in compliance with the ADA, so that she and others similarly situated will have full and equal enjoyment of the Commercial Property, and the business located within the Commercial Property without fear of discrimination.

23. Defendants have discriminated against the individual Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property, and the business located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

## COUNT I—ADA VIOLATIONS
## AS TO PIEMONTE CORPORATION

23. The Plaintiff adopts and rea-alleges the allegations set forth in paragraphs 1 through 23 above as though fully set forth herein.

24. Defendant, PIEMONTE CORPORATION, has discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during her visit to the Commercial Property, include but are not limited to, the following:

A. <u>Accessible Parking in front Pet Supermarket Main Entrance</u>

i. The plaintiff had difficulty exiting the vehicle, as curb ramp encroaches over the designated access aisles. Violation: Built-up curb ramp encroaches over access aisle violating Section 4.7.6 of the ADAAG and Section 406.5 of the 2010 ADA Standards, whose resolution is readily achievable.

B. <u>Accessible Parking by the left side Pet Supermarket Main Entrance</u>

i. The accessible parking space identification striping is mismarked. Each such parking space must be striped in a manner that is consistent with the standards of FDOT for other spaces and prominently outlined with blue and white paint, and must be repainted when necessary, to be clearly distinguishable as a parking space designated for persons who have disabilities violating Section 4.6.3 of the ADAAG and Section 502.3 of the 2010 ADA Standards, whose resolution

is readily achievable.

ii. The plaintiff had difficulty exiting the vehicle, as designated accessible parking space access aisles are located on an excessive slope. Violation: Some of the accessible parking space access aisles are located on a slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

C. <u>Accessible Parking by Suite 12540</u>

i. The plaintiff had difficulty exiting the vehicle, as designated accessible parking space access aisles are located on an excessive slope. Violation: Some of the accessible parking space access aisles are located on a slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

D. <u>Accessible Route in front Bravo Supermarket</u>

i. The plaintiff had difficulty using the curb ramp, as curb ramp are located on an excessive slope. Violation: Curb ramp has a non-compliant running slope violating Section 4.7.2 of the ADAAG and Section 406.1 of the 2010 ADA Standards, whose resolution is readily achievable.

**COUNT II—ADA VIOLATIONS
AS TO PIEMONTE CORPORATION AND PET SUPERMARKET, INC.**

25. The Plaintiff adopts and rea-alleges the allegations set forth in paragraphs 1 through 23 above as though fully set forth herein.

26. Defendants, PIEMONTE CORPORATION and PET SUPERMARKET, INC., have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during her visit to the Commercial Property, include but are not limited to, the following:

      A. <u>Unisex Restroom</u>

i. The plaintiff could not enter the restroom area without assistance, as the required maneuvering clearance was not provided. Violation: Store items encroaches over maneuvering clearance on the pull side of the door. Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The plaintiff could not use the mirror, as it is mounted too high. Violation: The mirrors provided in the restrooms are in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

## **RELIEF SOUGHT AND THE BASIS**

27.    The discriminatory violations described in this Complaint are not an exclusive list of the Defendants' ADA violations. Plaintiff requests an inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, COLLEEN CASTELLON, from further ingress, use, and equal enjoyment of the Commercial Business within the Commercial Property; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice. A complete list of the Subject Premises' ADA violations, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives pursuant to Federal Rule of Civil Procedure 34.

28.    The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by the Defendant, Defendant's building(s),

business and facilities; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, The Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

29. Defendants have discriminated against the individual Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

30. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

31. Defendant is required to remove the existing architectural barriers to the physically

disabled when such removal is readily achievable for their place of public accommodation, The Plaintiff and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, The Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

32. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendants.

33. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendanta operates its businesses, located at and/or within the commercial property located at 12576 SW 8th Street, Miami, Florida 33184, the exterior areas, and the common exterior areas of the Commercial Property and the business located within the Commercial Property, to make those facilities readily accessible and useable to The Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cures the violations of the ADA.

WHEREFORE, The Plaintiff, COLLEEN CASTELLON, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendants at the commencement of the subject lawsuit were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendants including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants

to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: March 31, 2021

**GARCIA-MENOCAL & PEREZ, P.L.**
*Attorneys for Plaintiff*
4937 S.W. 74th Court
Miami, Florida 33155
Telephone: (305) 553-3464
Facsimile: (305) 553-3031
Primary E-Mail: ajperez@lawgmp.com
Secondary E-Mails: bvirues@lawgmp.com
aquezada@lawgmp.com

By: ___/s/ Anthony J. Perez_____
      ANTHONY J. PEREZ
      Florida Bar No.: 535451
      BEVERLY VIRUES
      Florida Bar No.: 123713